IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEREMIAH MCCALL,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; and EXPERIAN INFORMATION SOLUTIONS INC;<br>Defendants. | Case No. 3:24-cv-02441-L-BW |

## DEFENDANT TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant Trans Union LLC ("Trans Union") by and through its counsel of record, and hereby files its Answer and Defenses to Plaintiff Jeremiah McCall's Complaint ("Complaint"). The paragraph numbers below correspond to the paragraphs contained in the Complaint to the extent possible:

### Introduction

1. Trans Union admits only that Plaintiff purports to bring an action with Fair Credit Reporting Act ("FCRA") claims but denies the remaining allegations of this paragraph.

### Jurisdiction

2. Trans Union admits that jurisdiction is proper in this Court. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

3. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## Parties

4. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies same.

5. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

6. [sic] Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

7. Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

8. Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

9. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

10. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## Introduction

11. Trans Union states that the cited provision of the FCRA speaks for itself. To the extent that this paragraph misquotes or misstates the text or appropriate interpretation of the FCRA, Trans Union denies them.

12. Trans Union states that the cited provision of the FCRA speaks for itself. To the extent that this paragraph misquotes or misstates the text or appropriate interpretation of the FCRA, Trans Union denies them.

13. Trans Union states that the cited provision of the FCRA speaks for itself. To the extent that this paragraph misquotes or misstates the text or appropriate interpretation of the FCRA, Trans Union denies them.

14. Trans Union states that the cited provision of the FCRA speaks for itself. To the extent that this paragraph misquotes or misstates the text or appropriate interpretation of the FCRA, Trans Union denies them.

15. Trans Union denies the allegations contained in this paragraph.

**Factual Allegations**

16. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17. Trans Union denies it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

18. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

20. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21. Trans Union denies it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

23. Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

24. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

25. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

26. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27. Trans Union states that the cited provision of the FCRA speaks for itself. To the extent that this paragraph misquotes or misstates the text or appropriate interpretation of the FCRA, Trans Union denies them.

28. Trans Union denies it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of

these allegations, which has the effect of a denial under Rule 8(b)(5).

29. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

30. Trans Union denies it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

31. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

32. Trans Union denies it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

33. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

34. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

35. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

36. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

37. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

38. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

39. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

40. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule

8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

      41.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

      42.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

      43.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

      44.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

      45.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

      46.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response

from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

47. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

48. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## Count 1 Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681e(b) (Equifax)(Experian)(Transunion)

49. Trans Union restates and incorporates its responses to paragraphs 1 through 48 above as though fully stated herein.

50. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

51. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

52. Trans Union denies the allegations of this paragraph as they apply to Trans Union.

Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

53. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

54. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

55. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## Count II Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681i(a)(1)(A) (Equifax)(Experian)(Transunion)

56. Trans Union restates and incorporates its responses to paragraphs 1 through 55 above as though fully stated herein.

57. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

58. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

59. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

60. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

61. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## **Count III Violation of the Fair Credit Reporting Act**
## **15 U.S.C. § 1681i(a)(2)(A) (Equifax)(Experian)(Transunion)**

62. Trans Union restates and incorporates its responses to paragraphs 1 through 61 above as though fully stated herein.

63. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule

8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

64. Trans Union Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

65. Trans Union Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

66. Trans Union Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**Count IV Violation of the Fair Credit Reporting Act**

**15 U.S.C. § 1681i(a)(4) (Equifax)(Experian)(Transunion)**

67. Trans Union restates and incorporates its responses to paragraphs 1 through 66 above as though fully stated herein.

68. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

69. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response

11

from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

70. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

71. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

72. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**Count V Violation of the Fair Credit Reporting Act**

**15 U.S.C. § 1681i(a)(5)(A) (Equifax)(Experian)(Transunion)**

73. Trans Union restates and incorporates its responses to paragraphs 1 through 72 above as though fully stated herein.

74. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

75. Trans Union denies the allegations of this paragraph as they apply to Trans Union.

Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

76. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

77. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## JURY DEMAND

Trans Union admits that Plaintiff demands a jury trial.

## DEFENSES

78. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

79. Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

80. Trans Union, in compliance with the FCRA, reasonably and completely

reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

81. Trans Union at all times acted in compliance with the FCRA.

82. Plaintiff failed to mitigate his alleged damages.

83. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of Texas.

84. Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or 1681o of the FCRA in bad faith or for purposes of harassment.

85. In the event that a settlement is reached between Plaintiff and any other party, Defendant Trans Union is entitled to any settlement credits permitted by law.

86. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

Respectfully submitted,

*/s/ Charlotte Long*
Charlotte Long, Esq.
Texas Bar No. 24094692
Trans Union, LLC
554 Baroque Way
Irving, TX  75060
(469) 578-1464
E-Mail:  charlotte.long@transunion.com
**Counsel for Trans Union LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of November, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| Michael Merar<br>mamerar@seyfarth.com | |
|---|---|

*/s/ Charlotte Long*
Charlotte Long, Esq.