IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMIAH McCALL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-CV-2441-L-BN[1] |
| | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., et al, | § | |
| Defendants. | § | |

# PRETRIAL SCHEDULING ORDER

## Summary of Critical Deadlines and Dates

| | |
|---|---|
| Joinder of Parties (¶ 2) | January 16, 2025 |
| Amendment of Pleadings (¶ 3) | January 16, 2025 |
| Initial Expert Designation & Report (¶ 4) | June 6, 2025 |
| Completion of Discovery (¶ 5) | August 12, 2025 |
| Expert Objections (¶ 4) | September 12, 2025 |
| Mediation (¶ 6) | August 12, 2025 |
| Dispositive Motions (¶ 7) | September 12, 2025 |

Pursuant to Fed. R. Civ. P. 16(b) and the local rules of this Court (except as modified herein), the Court, having considered the status report submitted by the parties, finds that the following schedule should govern the disposition of this case. Unless otherwise ordered or modified by this order, all limitations and requirements of the Federal Rules of Civil Procedure and this Court's local rules must be observed.

---

[1] This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to Special Order 3-251.

The Court has attempted to adhere to the schedule requested by the parties. In so doing, the Court assumes that the parties thoroughly discussed scheduling issues prior to submitting their status report and that the parties understand that the deadlines imposed in this Order are firmly in place, absent the few exceptions set forth below.

1. **Trial Date.** This case will be set for trial by separate order of the presiding judge after the resolution of summary judgment motions, if any are filed.

2. **Joinder of Parties.** Any motion for leave to join additional parties must be filed by **January 16, 2025**.

3. **Amendment of Pleadings.** Fed. R. Civ. P. 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) then provides that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Accordingly, unless Rule 15(a)(1) permits an amended or supplemental pleading to be filed without leave, or an amended or supplemental pleading is filed with the opposing party's written consent, a motion for leave must be filed to amend or supplement pleadings, and any motion for leave must be filed by **January 16, 2025**. The Court generally will grant a timely-filed motion for leave to amend as a matter

of course absent a showing of undue prejudice or futility. *See* Fed. R. Civ. P. 15(a). No amendments will be allowed after this deadline except on a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4).

    4. **Expert Witnesses.** Under Fed. R. Civ. P. 26(a)(2)(D), Plaintiff must designate expert witnesses by **June 6, 2025**. Defendant must designate expert witnesses by **June 20, 2025**. A party who intends to offer expert evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party" must designate rebuttal expert witnesses no later than **15 days** after disclosure of the corresponding expert witness(es) by the opposing party.

    The designation of experts must comply with the provisions of Fed. R. Civ. P. 26(a), including the preparation of a written report signed by the expert. But a written report is only required "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). If, under Rule 26(a)(2)(B), an expert report is not required, the designation must comply with Rule 26(a)(2)(C)'s requirements.

    Any motion challenging, seeking to disqualify, or otherwise related to a designated expert witness or his or her designation or testimony must be filed by **September 12, 2025**.

    5. **Discovery.** Initial disclosures must be made by **January 21, 2025** and comply with Fed. R. Civ. P. 26(a)(1). All discovery must be initiated in time to be

completed by **August 12, 2025**.  This includes the use of subpoenas to obtain documents from third parties under Fed. R. Civ. P. 45 and the supplementation of discovery responses as required by Fed. R. Civ. P. 26(e).  (But this order does not relieve any party of the Rule 26(e)(1) obligation to supplement or correct a disclosure or response if the party learns after August 12, 2025 that, in some material respect, a prior disclosure or response is incomplete or incorrect and the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.)

      The presumptive limit of 10 depositions per side, seven hours per deposition, and 25 interrogatories per party will apply in this case.  *See* Fed. R. Civ. P. 30(a)(2)(A)(i) & 33(a)(1).  Additionally, no party may serve more than 30 requests for admission pursuant to Fed. R. Civ. P. 36 and, by agreement of the parties (Dkt. No. 21 at 8), no party may serve more than 40 requests for production on any other party without leave of court for good cause shown.  For purposes of the former limitation, a single request for admission must be limited to a single statement or matter that the serving party seeks for the responding party to admit.  *See* Fed. R. Civ. P. 36(a)(2) ("Each matter must be separately stated.").  No other limitations on discovery are imposed at this time.

      Any motion to compel discovery or for a protective order must be filed by the later of (1) **July 22, 2025** or (2) 10 days after the discovery response at issue was served or due to be served.  Any other motions that are related to discovery but do

not seek to compel or avoid as-yet uncompleted depositions, service of discovery responses, or production of documents or electronically stored information must be filed by **August 15, 2025**.

Any motion to quash or for protective order relating to a deposition that is filed in less than five business days before the scheduled or noticed date of the deposition will be summarily denied unless, on proper motion, the Court grants leave for the motion to be filed based on a showing of extraordinary or extenuating circumstances that prevented the requested relief from being presented to the Court at an earlier date.

Further, in accordance with Fed. R. Evid. 502(d), any attorney-client privilege or work-product protection will not be waived by disclosure in connection with this case, and the production of privileged or work-product protected documents, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This order will be interpreted to provide the maximum protection allowed by Rule 502(d), but nothing contained in this order is intended to or will serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, or segregation of privileged or protected information before production.

And, under Fed. R. Civ. P. 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the

party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The producing party must preserve the information until the claim is resolved.

      6.  **Mediation.**  Mediation of this case must be completed by **August 12, 2025**.  In advance of this deadline, the Court may, if appropriate, refer the parties to mediation or a settlement conference with a magistrate judge or may convene a status conference with the parties to discuss such a referral.  But the parties should advise the Court immediately if they believe that their settlement discussions and negotiations would, in advance of any action by the Court, benefit from a referral to mediation, a settlement conference, or any other form of alternative dispute resolution.  *See* N.D. Tex. L. R. 16.3.  No later than seven days after the mediation is completed, the parties must file a joint status report that is limited to advising the Court that the case did or did not settle.

      7.  **Dispositive Motions.**  All dispositive motions must be filed by **September 12, 2025**.  Any dispositive motion must be accompanied by or incorporate a brief, and the motion and the brief may not together exceed 30 pages in length, excluding

any table of contents and table of authorities. *See* N.D. Tex. L.R. 56.5(b). The party filing a dispositive motion must, in a separate section at the beginning of the brief, identify the live pleadings for each party who has appeared in the action and specify the name of each pleading, the date it was filed, and the pleading's document number on the Court's docket. Additionally, except to the extent that any requirement is modified herein, any motion for summary judgment must comply with the requirements of Northern District of Texas Local Rules 56.3(a)-(d), 56.5(a), 56.5(c), and 56.6(a)-(b).

Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix. The appendix must be numbered sequentially from the first page through the last and include an index of all documents contained therein. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. Tex. L.R. 56.6. The moving party should (1) bracket in the margin of each document in the appendix or (2) place a text box around or (3) otherwise highlight the portions of the document on which the movant relies, and, when citing record materials in its brief, the moving party must support each assertion by citing each relevant page of its appendix.

No party may file more than one motion for summary judgment without leave of court. *See* N.D. Tex. L.R. 56.2(b). If a motion for summary judgment is timely filed, the Court may establish a summary judgment briefing schedule by separate

order. If the Court does not establish a briefing schedule by separate order, the Court's local rules establish the briefing schedule. *See* N.D. Tex. L.Rs. 7.1(e) and (f), 56.1.

Except as provided in a briefing order or supplemental scheduling order entered in connection with the motion for summary judgment, no supplemental pleadings, briefs, or summary judgment evidence or other documents will be allowed in connection with the motion for summary judgment or response thereto without leave of court. *See* N.D. Tex. L.R. 56.7.

"A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). "There is no need to make a separate motion to strike." Fed. R. Civ. P. 56 advisory committee's note to 2010 amendments. The Court will not consider a separate motion to strike evidence, fact statements, or briefing offered in support of or in opposition to summary judgment. The Court will summarily deny without prejudice any motion to strike filed in violation of these directions.

The parties instead must include any objections to evidence, fact statements, or briefing offered in support of or in opposition to a motion for summary judgment within their briefs (including reply briefs) in support of or in opposition to a motion for summary judgment. If a party includes objections in a response in opposition to a motion for summary judgment, any response to the objections must be included in the reply brief in support of the motion for summary judgment, and no reply in

support of the objections is permitted.  If a party includes objections in a reply brief in support of a motion for summary judgment, any response to the objections must be made in a separate brief that does not exceed 10 pages in length, excluding any table of contents and table of authorities, and that must be filed by no later than 14 days after the date of filing of the reply brief in support of a motion for summary judgment, and no reply in support of the objections is permitted.

Neither a dispositive motion nor the brief in support may be combined in one document with a party's answer.

If a motion to dismiss becomes moot due to the filing of an amended complaint, the moving party must notify the Court immediately.

8. **Motions Not Otherwise Covered.**  A party must file a motion not otherwise covered by this order—including any motion challenging, seeking to disqualify, or otherwise related to a designated expert witness or his or her designation or testimony—by no later than **September 12, 2025**.  This deadline does not apply to motions in limine (other than motions related to an expert witness) or to objections filed under Fed. R. Civ. P. 26(a)(3), which must be filed no later than the deadlines to be established by an order setting trial-related deadlines to be issued later.

9. **Modifying Deadlines.**  The deadlines set forth in this order will not be modified except on written motion for good cause shown.  *See* Fed. R. Civ. P. 16(b)(4).  Further, the Court strongly discourages any request to extend the

dispositive motions deadline through a motion that is filed later than three business days before the existing deadline and will grant any such motion only on a showing in the written motion of extraordinary circumstances.

The Court will set this case for trial and schedule any pretrial conference after all dispositive motions have been decided. The Court will, in a later order, establish trial-related deadlines, including deadlines for filing trial-related motions.

Please note that deadlines in this order are for filing or delivery and are not mailing dates.

11. **Change of Contact Information.** Any attorney or any party who is proceeding pro se who changes the attorney's or party's business address or mailing address, e-mail address, telephone number, or name must promptly notify the Clerk of the Court and the Court in writing. If the attorney or party is a registered user of Electronic Case Files ("ECF"), the attorney or party must, in addition to notifying the Court in writing, promptly follow the procedures in the ECF Administrative Procedures Manual to update the changed address, e-mail address, telephone number, or name.

12. **Noncompliance.** The failure to comply with any part of this order may result in the imposition of sanctions. *See* Fed. R. Civ. P. 16(f). Should any party or counsel fail to cooperate in accomplishing anything required by this order, that party or counsel or both may be subject to sanctions, including dismissal or entry of default.

The Court further informs parties not to include "private or sensitive information in any document filed with the Court unless [it] is necessary to the case."  This includes, but is not limited to, social security numbers, taxpayer identification numbers, financial account numbers, minors' names, and dates of birth.

13.  **Questions.**  Any questions concerning the requirements of this order may be directed to Angelica Aguilar at (214) 753-2183.  Attorneys and parties <u>should not</u> contact Ms. Aguilar or the Court's chambers to ask when a ruling on a motion or other matter can be expected.

Questions concerning electronic filing procedures should be directed to the ECF Help Desk at (866) 243-2866.

**SO ORDERED** on January 2, 2025.

_____
Brian McKay
United States Magistrate Judge